IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  02-30036 |
| | ) | |
| DELORISE MACKEY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Delorise Mackey's (Mackey) Motion for Sentence Modification and to Amend Judgement [sic] (d/e 27).  A sentence of imprisonment is a final judgment that may only be modified under specific conditions, which are not met here.  18 U.S.C. § 3582(b).  For the following reasons, the Defendant's Motion is hereby DISMISSED for lack of subject matter jurisdiction.

BACKGROUND

On September 13, 2002, Defendant Mackey came before this Court for sentencing.  The Court received a Revised Presentence Report (PSR), prepared by the United States Probation Office, dated August 29, 2002, to

1

which neither the Government nor Defendant Mackey objected. <u>Transcript of Proceedings Before the Honorable Jeanne E. Scott, September 13, 2002 (d/e 24)</u> (Sentencing Transcript), pp. 4-5  Accordingly, the Court adopted the PSR, and made the following findings therefrom:

> THE COURT: . . . Then I will accept the report as filed since there are no objections, and I will further adopt the findings set out in the Pre-Sentence Report as the Court's.
>
> Consequently, under our Guidelines the offense in question has a base Offense Level of 24.  The Court finds there are no enhancements that are applicable.
>
> The Defendant is entitled to a three level reduction under the Guidelines since she pled guilty in a timely fashion.  So the final or resulting Offense Level is 21 under the Guidelines.
>
> Further, she has <u>six</u> Criminal History points that count towards the Criminal History determination, putting her in Category IV under the Guidelines.  And with an Offense Level of 21 and a Criminal History in Category IV, the applicable Guideline range is 57 to 71 months in prison.  We are in Zone D of the Guidelines.

<u>Id.</u> at 5-6 (emphasis added).  Based on these findings, the Court sentenced Defendant Mackey to 57 months imprisonment, 3 years supervised release, and a $100.00 special assessment.  <u>Minute Entry, September 13, 2002</u>.

Since her imprisonment, Defendant Mackey has frequently corresponded with the Court in an attempt to gain entrance to federal Bureau of Prisons (BOP) programs that might reduce her sentence, including its Shock Incarceration Program (also known as "boot camp"), or its 500-hour residential drug treatment program.  See <u>December 4, 2003, Letter from Defendant Mackey (d/e 16)</u>; <u>April 28, 2004, Letter from Defendant Mackey (d/e 17)</u>; <u>May 24, 2004, Letter from Defendant Mackey (d/e 20)</u>; <u>June 7, 2005, Letter from Defendant Mackey (d/e 26)</u>; <u>July 25, 2005, Letter from Defendant Mackey (d/e 30)</u>.

On June 18, 2004, the Court received Warden Suzanne R. Hastings' letter indicating that the earliest Defendant Mackey could be transferred to the BOP boot camp program would be December 1, 2004.  <u>June 8, 2004, Letter from Warden Suzanne R. Hastings (d/e 21)</u>.  On November 9, 2004, this Court recommended that Defendant Mackey be considered for the boot camp program once she was determined eligible for consideration. <u>November 9, 2004, Letter from the Honorable Judge Jeanne E. Scott (d/e 23)</u>.

Defendant Mackey's opportunity to attend boot camp, however, was cut short on January 5, 2005, when the BOP announced that it was

3

eliminating the program due to budgetary restraints. See <u>Castellini v. Lappin</u>, 365 F.Supp.2d 197, 200 (D.Mass. 2005). A January 14, 2005, BOP memorandum to federal judges announced that the boot camp program was terminated effective immediately, and that no more inmates would be accepted into the program. <u>Id.</u>

In her Motion, Defendant Mackey sets forth two arguments for a reduction of her sentence. First, she alleges that she was erroneously sentenced to 57 months imprisonment, instead of 46 months imprisonment, based on the Court's finding that she received six criminal history points but was placed in Criminal History Category IV. Second, she alleges that the Supreme Court's decision in <u>U.S. v. Booker</u> lowered all the Guideline sentencing ranges, thereby giving this Court jurisdiction to reduce her sentence under 18 U.S.C. § 3582(c)(2). <u>Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005). She argues that she is entitled to a reduction equivalent to what she would have received had she been allowed to participate in the BOP's boot camp program. For the following reasons, Defendant Mackey's Motion is dismissed for lack of jurisdiction.

## ANALYSIS

I.     CRIMINAL HISTORY CATEGORY AT SENTENCING

A sentence of imprisonment is a final judgment that may only be modified under specific conditions. 18 U.S.C. § 3582(b). Unless those conditions exist, this Court lacks subject matter jurisdiction to reconsider a sentence of imprisonment. See, e.g., Carlisle v. United States, 517 U.S. 416 (1996); Eaton v. United States, 178 F.3d 902 (7th Cir. 1999). Defendant Mackey argues that she was wrongly sentenced to 57 months imprisonment, instead of 46 months imprisonment, based on the Court's finding that she received six criminal history points but was placed in Criminal History Category IV. Even if this was the case, however, the Court lacks subject matter jurisdiction to consider Defendant Mackey's request because none of the exceptions set forth in § 3582(b) apply here.

Even if the Court did have jurisdiction to consider Defendant Mackey's Motion, however, any misstatement by the Court at sentencing did not create a substantive error. It is correct that it takes seven criminal history points to place a defendant in Criminal History Category IV. See 2002 United States Sentencing Guidelines (U.S.S.G.), Sentencing Table. Further, it is clear from Defendant Mackey's Sentencing Transcript that this Court erroneously stated that Defendant Mackey only had six criminal

5

history points.  <u>Sentencing Transcript</u>, pg. 5.

Defendant Mackey's PSR clearly demonstrates, however, that she had seven criminal history points.  <u>PSR</u>, ¶¶ 31-40.  Defendant Mackey received one point for each of her convictions for Unlawful Possession of a Controlled Substance (¶ 31), Retail Theft (¶ 32), Deceptive Practices (¶ 33), and Driving on a Suspended License (¶ 35), pursuant to U.S.S.G. §§ 4A1.1©) and 4A1.2©).[1]  In addition, Defendant Mackey received three additional criminal history points under § 4A1.1(a) for Possession of a Controlled Substance (¶ 34), leaving her with a total of seven criminal history points.  <u>Id.</u>, ¶ 40.  The Court adopted these findings and informed the parties that it was doing so in open court.  <u>Sentencing Transcript</u>, pg. 5.

Accordingly, although Defendant Mackey is correct that the Court misspoke at her September 13, 2002, sentencing hearing, that error was not a substantive one.  Defendant Mackey did not object to the PSR, which clearly indicated that she received seven criminal history points and placed her in Criminal History Category IV.  Defendant Mackey was properly

---

[1] The Court notes that Defendant Mackey would have also received a fifth criminal history point for another Retail Theft conviction, however, a defendant can only receive four criminal history points under §§ 4A1.1©) and 4A1.2©).  <u>2002 U.S.S.G.</u> § 4A1.1, Application Note 3.

6

sentenced to 57 months imprisonment, which is the low-end of the Guideline range for a defendant with a offense level of 21, and Criminal History Category IV.

II.     18 U.S.C. § 3582(c)(2)

Defendant Mackey next argues that the Supreme Court's holding in Booker, which made the Guidelines non-binding on federal courts, in fact lowered all the sentencing ranges set forth in the Guidelines. Motion, p. 3. Accordingly, Defendant Mackey argues that, due to Booker, this Court acquired jurisdiction to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). As a rationale for doing so, Defendant Mackey alleges that had the BOP not eliminated its boot camp program, she would have qualified for the program, successfully completed it, and been released to a half-way house by June 1, 2005. Id. Defendant Mackey contends that this Court should reduce her sentence similarly, because it was through no fault of her own that the BOP eliminated its boot camp program.

A court may revisit a sentence of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," and may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a),

7

"if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has not lowered the sentencing Guideline under which Defendant Mackey was sentenced. Compare 2002 U.S.S.G. § 2D1.1(c)(8) with 2004 U.S.S.G. § 2D1.1(c)(8). Further, § 3582(c)(2) is clearly not triggered by a decision of the Supreme Court. Therefore, although the Court is sympathetic to Defendant Mackey's disappointment with the BOP's decision to terminate the boot camp program, and salutes her for the positive steps she has taken to improve herself while in custody, her sentence is a final judgment that the Court lacks jurisdiction to modify. 18 U.S.C. § 3582(b).

    THEREFORE, Defendant Delorise Mackey's Motion for Sentence Modification and to Amend Judgement [sic] (d/e 27) is DISMISSED for lack of subject matter jurisdiction.

IT IS THEREFORE SO ORDERED.

ENTER: August 15, 2005.

    FOR THE COURT:

                                                          s/ Jeanne E. Scott
                                                           JEANNE E. SCOTT
                                           UNITED STATES DISTRICT JUDGE